UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

CALBERT TURNER,

        Plaintiff,

v.                                                     Case No. 09-CV-881

GAIL WOODS and DOROTHY JONES,

        Defendants.

_____

## ORDER

The plaintiff, Calbert Turner ("Turner"), filed a *pro se* lawsuit alleging that his building manager, Gail Woods ("Woods"), and a case worker from a non-profit organization, Dorothy Jones ("Jones"), broke into his apartment in September of 2007, causing him unspecified monetary losses. Turner did not plead subject matter jurisdiction in his complaint, and the basis for this court's jurisdiction cannot be discerned from the plaintiff's complaint.

"Federal courts are courts of limited jurisdiction." *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 702 (U.S. 1982). The types of controversies over which a federal court may potentially exercise its authority is first limited to those matters delineated in Art. III, § 2, cl. 1 of the United States Constitution. *Id.* Moreover, statutory grants of jurisdiction further restrict the authority of a federal court. *Id.* For example, federal statute 28 U.S.C. § 1331 allows a federal court to exercise jurisdiction pursuant to claims that "arise under" federal laws, treaties, or the United States Constitution. To establish "arising under"

jurisdiction, the plaintiff must present a federal question on the face of the complaint. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987).

Alternatively, federal courts may exercise jurisdiction pursuant to § 1332, the "diversity jurisdiction" statute. Jurisdiction under § 1332 exists if the parties are citizens of different states and the amount in controversy exceeds $75,000. *Andrews v. E.I. Du Point de Nemours & Co.,* 447 F.3d 510, 514 (7th Cir. 2006). To establish diversity between citizens of different states, there must be complete diversity between all plaintiffs and all defendants – that is, the plaintiff must be a citizen of a different state than each of the defendants. *Lincoln Property Co. v. Roche,* 546 U.S. 81, 89 (2005).

Here, Turner's complaint seems to allege tortious interference with a property interest, a state law claim. There is nothing in the complaint to indicate that the complaint arises under federal law. Moreover, Turner's complaint does not allege that either Woods, a building manager of a Milwaukee, Wisconsin, apartment complex, or Jones, an employee of a Wisconsin non-profit organization,[1] are both citizens of a state other than Turner's home state, which is presumably Wisconsin. Consequently, the court cannot exercise jurisdiction over the plaintiff's lawsuit and will dismiss the case.

Accordingly,

---

[1] S.E.T. Ministry, Inc., the organization that Turner alleges employs Jones, is a self-described "Milwaukee community-based health and human services agency." *See* Overview of SET Ministry, http://www.setinc.org/about/index.htm (last visited Sept. 24, 2009).

**IT IS ORDERED** that Turner's action be and the same is hereby **DISMISSED** without prejudice for lack of subject matter jurisdiction;

**IT IS FURTHER ORDERED** that Turner's motion for leave to proceed in forma pauperis (Docket #2) be and the same is hereby **DENIED** as moot.

The clerk is ordered to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 25th day of September, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-3-

Case 2:09-cv-00881-JPS   Filed 09/25/09   Page 3 of 3   Document 3